UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| **CHRISTY M. RUSSELL,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:14-cv-344 |
| ) | |
| ) | |
| **DARLENE M. RUSSELL, individually and** ) | |
| **In her official capacity as LOUDON COUNTY** ) | |
| **CLERK, and LOUDON COUNTY, TENNESSEE,** ) | |
| ) | |
| Defendants. ) | |

## ANSWER

COME the Defendants by and through counsel and Answers the Complaint filed against them as follows:

1. Answering the allegations contained in Paragraph 1 of Plaintiff's Complaint, Defendants admit Plaintiff has brought this action pursuant to 42 U.S.C. § 1983. Defendants deny violating Plaintiff's federal constitutional rights, any rights redressable pursuant to 42 U.S.C. § 1983, or engaging in any wrongdoing in this cause.

2. Answering the allegations contained in Paragraph 2 of Plaintiff's Complaint, the original jurisdiction of this Court is admitted. All allegations inconsistent with the foregoing are denied.

3. The allegations contained in Paragraph 3 of Plaintiff's Complaint are admitted. Defendants deny liability to Plaintiff.

1

4. Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 4 of Plaintiff's Complaint and accordingly the allegations are placed at issue.

5. Answering the allegations contained in Paragraph 5 of Plaintiff's Complaint, it is admitted that this Defendant is the County Clerk of Loudon County, Tennessee. It is admitted that this Defendant is a resident of Loudon County, Tennessee. Service of Process is not contested. It is admitted that Plaintiff has sued Ms. Russell individually, and in her official capacity. This Defendant denies any liability to the Plaintiff.

6. The allegations contained in Pargraph 6 of the Plaintiff's Complaint are admitted. This Defendant denies any liability to the Plaintiff.

7. The allegations contained in Paragraph 7 of the Plaintiff's Complaint are not directed at these Defendants and no Answer is warranted as given. Defendants aver that any amendment to Plaintiff's Complaint must be done with leave of Court and in accordance with any Scheduling Order entered in this cause, and in accordance with any applicable Federal Rule of Procedure. Defendants deny liability to the Plaintiff.

8. The allegations contained in Paragraph 8 of Plaintiff's Complaint are admitted. Defendants deny liability to the Plaintiff.

9. The allegations contained in Pargraph 9 of Plaintiff's Complaint are admitted. Defendants deny liability to the Plaintiff.

10. Answering the allegations contained in Paragraph 10 of Plaintiff's Complaint, it is admitted that Plaintiff worked for Loudon County, Tennessee, for over seven years. Defendant is

currently without sufficient knowledge or information to admit or deny Plaintiff's qualification and accordingly the same is placed at issue. The remaining allegations contained in Paragraph 10 of Plaintiff's Complaint are denied. Defendants deny any liability to Plaintiff.

11. The allegations contained in Paragraph 11 of Plaintiff's Complaint are denied. Defendants deny any liability to Plaintiff.

12. The allegations contained in Paragraph 12 of Plaintiff's Complaint are denied. Defendants deny any liability to Plaintiff.

13. The allegations contained in Paragraph 13 of Plaintiff's Complaint are denied. Defendants deny any liability to Plaintiff.

14. Defendants admit on occasion and without soliciation, employees of the Clerk's office received gift cards from members of the citizenry. Defendants deny occasional receipt of gift cards was requested, nor were any services provided as a result thereof. Defendants deny conditioning the receipt of any gift card or gratuity on the provision of services. Defendants deny any impropriety at all in the operation of the County Clerk's office. Defendants further deny that Plaintiff was terminated in violation of her federal constitutional rights or engaging in any wrongdoing.

15. The allegations of Paragraph 15 of Plaintiff's Complaint are denied. Defendants admit only that at all times herein, lawful and appropriate fees were charged by the County Clerk's office in accordance with applicable laws concerning any service performed by the County Clerk's office.

16. The allegations contained in Paragraph 16 of Plaintiff's Complaint are denied. Defendants deny any liability to Plaintiff.

17. Defendants submit T.C.A. § 39-16-104 speaks for itself. Defendants deny violating the aforementioned statute. Defendants deny any liability to Plaintiff.

18. The allegations contained in Paragraph 18 of Plaintiff's Complaint are denied. Defendants deny any liability to Plaintiff.

19. The allegations contained in Paragraph 19 of Plaintiff's Complaint are denied. Defendants deny any liability to Plaintiff.

20. The allegations contained in Paragraph 20 of Plaintiff's Complaint are denied. Defendant Russell has never discriminated against any person or couple concerning services provided by the Loudon County Clerk's office. Defendants deny any liability to Plaintiff.

21. The allegations contained in Paragraph 21 of Plaintiff's Complaint are denied. Defendants deny any liability to Plaintiff.

22. The allegations contained in Paragraph 22 of Plaintiff's Complaint are denied. Defendants deny any liability to Plaintiff.

23. The allegations contained in Paragraph 23 of Plaintiff's Complaint are denied. Defendants deny any liability to Plaintiff.

24. The allegations contained in Paragraph 24 of Plaintiff's Complaint are denied. Defendants deny any liability to Plaintiff.

25. The allegations contained in Paragraph 25 of Plaintiff's Complaint are denied. Defendants deny any liability to Plaintiff.

26. The allegations contained in Paragraph 26 of Plaintiff's Complaint are denied. Defendants deny any liability to Plaintiff.

27. The allegations contained in Paragraph 27 of Plaintiff's Complaint are denied. Defendants deny any liability to Plaintiff.

28. The allegations contained in Paragraph 28 of Plaintiff's Complaint are denied. Defendants deny any liability to Plaintiff.

29. The allegations contained in Paragraph 29 of Plaintiff's Complaint are denied. Defendants deny any liability to Plaintiff.

30. The allegations contained in Paragraph 30 of Plaintiff's Complaint are denied. Defendants deny any liability to Plaintiff.

31. The allegations contained in Paragraph 31 of Plaintiff's Complaint are denied. Defendants deny any liability to Plaintiff.

32. The allegations contained in Paragraph 32 of Plaintiff's Complaint are denied. Defendants deny any liability to Plaintiff.

33. Defendants are without sufficient knowledge or information to admit or deny the specifics of the subject transaction alleged in Paragraph 33, and accordingly the allegations are placed at issue. The allegations that imply that this transaction was somehow not legitimate or appropriate are denied. Defendants deny any liability to Plaintiff.

34. The allegation contained in Paragraph 34 of Plaintiff's Complaint is admitted if and only if the transaction being performed was appropriate. Each employee is responsible for the use of his or her computer.

35. The allegations contained in Paragraph 35 of Plaintiff's Complaint are denied. Defendants deny any liability to Plaintiff.

36. The allegations contained in Paragraph 36 of Plaintiff's Complaint are denied. Defendants deny any liability to Plaintiff.

37. Answering the allegations contained in Paragraph 37, it is denied that any of the aforementioned transactions alleged by the Plaintiff's Complaint took place as alleged in the Complaint and accordingly, no discipline or termination was warranted. Defendants aver that Plaintiff Russell was terminated for legitimate nondiscriminatory reasons. Defendant denies any liability to Plaintiff.

38. The allegations contained in Paragraph 38 of Plaintiff's Complaint are admitted.

39. The allegations contained in Paragraph 39 of Plaintiff's Complaint are denied. Defendants deny any liability to Plaintiff.

40. Defendants admit there is no biological relationship between Defendant Russell and Plaintiff Russell.

41. The allegations contained in Paragraph 41 of Plaintiff's Complaint are admitted.

42. The allegations contained in Paragraph 42 of Plaintiff's Complaint are admitted.

43. The allegations contained in Paragraph 43 of Plaintiff's Complaint are denied. Defendants deny any liability to Plaintiff.

44. The allegations contained in Paragraph 44 of Plaintiff's Complaint are denied. Defendants deny any liability to Plaintiff.

45. The allegations contained in Paragraph 45 of Plaintiff's Complaint are denied. Defendants deny any liability to Plaintiff.

46. The allegations contained in Paragraph 46 of Plaintiff's Complaint are denied. Defendants deny any liability to Plaintiff.

47. The allegations contained in Paragraph 47 of Plaintiff's Complaint are denied. Defendants deny any liability to Plaintiff.

48. The allegations contained in Paragraph 48 of Plaintiff's Complaint are denied if meant to modify any preceding Paragraph of the Complaint. Otherwise, Defendants are without sufficient information to admit or deny the actual reasons Plaintiff works or does not work any job and demands strict proof thereof. Defendants deny any liability to Plaintiff.

49. Answering the allegations contained in Paragraph 49 of Plaintiff's Complaint, Defendants deny Plaintiff made any such statements in response to any statement or comment made by Defendant Russell or anyone employed in the Loudon County Clerk's Office. These Defendants are without knowledge or sufficient information as to what statements Plaintiff makes outside of working hours or outside the hearing of the Defendants and demands strict proof.

50. The allegations contained in Paragraph 50 of Plaintiff's Complaint are denied. Defendants deny any liability to Plaintiff.

51. The Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 51 of Plaintiff's Complaint and accordingly the allegation is placed at issue.

52. The allegations contained in Paragraph 52 of Plaintiff's Complaint, as alleged, are denied and strict proof is required thereof. Defendant Russell did not request or condition anyone's employment on participating in election activities on her behalf. Defendants deny any liability to Plaintiff.

53. The allegations alleged in Paragraph 53 of Plaintiff's Complaint are not directed at these Defendants and therefore no answer is warranted and none is given. Yet, it is denied that defendant Russell condoned any activity in violation of federal law, state law, or Loudon County's Policies and Procedures Handbook during the election or at any other time. Defendants deny any liability to the Plaintiff.

54. The allegations contained in Paragraph 54 of Plaintiff's Complaint are denied. Defendants deny any liability to Plaintiff.

55. The allegations contained in Paragraph 55 of Plaintiff's Complaint are denied. Defendants deny any liability to Plaintiff.

56. The allegations contained in Paragraph 56 of Plaintiff's Complaint are denied. Defendants deny any liability to Plaintiff.

57. The allegations alleged in Paragraph 57 of Plaintiff's Complaint are not directed at these Defendants and therefore no answer is warranted and none is given. Yet, it is denied that Defendant Russell condoned any activity in violation of federal law, state law, or Loudon County's Policies and Procedures Handbook during the election or at any other time. Defendants deny any liability to the Plaintiff.

58. Defendants are without sufficient knowledge or information to admit or deny any statement made by Plaintiff as alleged in Paragraph 58 of Plaintiff's Complaint. Defendants deny that Plaintiff was being targeted by Defendant Russell and deny that she was fired for inappropriate reasons. Defendants deny any liability to Plaintiff.

59. Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 59 of Plaintiff's Complaint and accordingly the allegations are placed at issue. Defendants deny firing Plaintiff for illegal or inappropriate reasons.

60. The allegations contained in Paragraph 60 of Plaintiff's Complaint are denied. Defendants deny any liability to Plaintiff.

61. Defendants are without sufficient knowledge or information to admit or deny the allegations, as alleged, in Paragraph 61 of Plaintiff's Complaint concerning discussion among employees. It is denied that Defendant Russell was secretly checking Plaintiff's work, hoping to find mistakes, as alleged in Paragraph 61 of the Plaintiff's Complaint. Defendants deny any liability to Plaintiff.

62. The allegations contained in Paragraph 62 of Plaintiff's Complaint are denied. Defendants deny any liability to Plaintiff.

63. The allegations contained in Paragraph 63 of Plaintiff's Complaint are admitted.

64. The allegations contained in Paragraph 64 of Plaintiff's Complaint are denied. Defendants deny any liability to Plaintiff.

65. Answering the allegations contained in Paragraph 65 of Plaintiff's Complaint, Defendants admit only that the Plaintiff admitted to multiple illegalities and improprieties of the transaction. All allegations inconsistent with the foregoing are denied.

66. Answering the allegations contained in Paragraph 66 of Plaintiff's Complaint, is it admitted that multiple legitimate reasons existed to terminate both Plaintiff and P. Beecham. Currently, the allegations contained in the first two sentences of Paragraph 66 are admitted. The remaining allegations contained in Paragraph 66 of Plaintiff's Complaint are denied. Defendants deny liability to Plaintiff.

67. The allegations contained in Paragraph 67 of Plaintiff's Complaint are denied.

68. Defendants are without sufficient knowledge or information as to what, if anything, Plaintiff and Ms. Beecham discussed. Defendants admit only that Ms. Beecham's explanations for a variety of activities were appropriately questioned by Defendants. The remaining allegations contained in Paragraph 68 of Plaintiff's Complaint are denied.

70. The allegations contained in Paragraph 70 of Plaintiff's Complaint are denied. Defendants deny any liability to Plaintiff.

71. Defendants are without sufficient knowledge or information to admit or deny any statements Plaintiff made to human resources manager Reynolds, and accordingly the allegations are placed at issue. Defendants deny violating Plaintiff's federal constitutional rights, state law,

or any rules and regulations of Loudon County, Tennessee personnel policy. Defendants deny any liability to Plaintiff.

72. The allegations contained in Paragraph 72 of Plaintiff's Complaint are admitted.

73. Defendants are without sufficient knowledge or information to admit or deny the specific employment benefits utilized by Plaintiff. It is admitted that Plaintiff was making $14.52 per hour at the time she was terminated. All allegations inconsistent with the foregoing are placed at issue.

74. Defendant is without sufficient knowledge or information to confirm or deny the allegations in Paragraph 74 of Plaintiff's Complaint and accordingly the allegations are denied.

75. Defendants Answers to Paragraphs 1-75 are re-alleged and incorporated herein by reference.

76. The allegations contained in Paragraph 76 of Plaintiff's Complaint are admitted. Defendants deny liability to the Plaintiff.

77. Defendants specifically deny the allegations of the Complaint. Defendants aver that the policies and procedures of Loudon County, Tennessee, speak for themselves without any interpretation by these Defendants. All allegations inconsistent with the foregoing are denied. Defendants deny any liability to Plaintiff.

78. Answering the allegations contained in Paragraph 78 of Plaintiff's Complaint, Defendants aver that the First Amendment speaks for itself without any interpretation by the parties. Defendants deny liability to the Plaintiff.

79. The allegations contained in Paragraph 79 of Plaintiff's Complaint are denied. Defendants deny any liability to Plaintiff.

80. The allegations contained in Paragraph 80 of Plaintiff's Complaint are denied. Defendants deny any liability to Plaintiff.

81. The allegations contained in Paragraph 81 of Plaintiff's Complaint are denied. Defendants deny any liability to Plaintiff.

82. The allegations contained in Paragraph 82 of Plaintiff's Complaint are denied. Defendants deny any liability to Plaintiff.

83. The allegations contained in Paragraph 83 of Plaintiff's Complaint are denied. Defendants deny any liability to Plaintiff.

84. The allegations contained in Paragraph 84 of Plaintiff's Complaint are denied. Defendants deny any liability to Plaintiff.

85. The allegations contained in Paragraph 85 of Plaintiff's Complaint are denied. Defendants deny any liability to Plaintiff.

86. The allegations contained in Paragraph 86 of Plaintiff's Complaint are denied. Defendants deny any liability to Plaintiff.

87. Answering the allegations contained in Paragraph 87 of Plaintiff's Complaint, it is admitted that Defendant Russell acts under color of law when she performs duties as or pursuant to any authority she has as Loudon County Clerk. It is admitted that Plaintiff was terminated after the election. All allegations inconsistent with the foregoing are placed at issue.

88. Defendants deny utilizing political considerations as a factor in Plaintiff's discharge, or in the terms and conditions of Plaintiff's employment. Defendants deny any liability to the Plaintiff. The remaining allegations contained in Paragraph 88 are denied and strict proof is required thereof.

89. The allegations contained in Paragraph 89 of Plaintiff's Complaint are denied. Defendants deny any liability to Plaintiff.

90. The allegations contained in Paragraph 90 of Plaintiff's Complaint are denied. Defendants deny any liability to Plaintiff.

91. The allegations contained in Paragraph 91 of Plaintiff's Complaint are denied. Defendants deny any liability to Plaintiff.

92. The allegations contained in Paragraph 92 of Plaintiff's Complaint are denied. Defendants deny any liability to Plaintiff.

93. The answers of Defendants to the allegations of Paragraphs 1-92 are hereby realleged and incorporated herein by reference.

94. The allegations contained in Paragraph 94 of Plaintiff's Complaint are admitted. Defendants deny any liability to Plaintiff.

95. The allegations contained in Paragraph 95 of Plaintiff's Complaint are denied. Defendants deny any liability to Plaintiff.

96. The allegations contained in Paragraph 96 of Plaintiff's Complaint are denied. Defendants deny any liability to Plaintiff.

97. The allegations contained in Paragraph 97 of Plaintiff's Complaint are denied. Defendants deny any liability to Plaintiff.

98. The allegations contained in Paragraph 98 of Plaintiff's Complaint are denied. Defendants deny any liability to Plaintiff.

99. Defendants admit only that Plaintiff was terminated within 10 days of the election. The Defendants deny any liability to Plaintiff.

100. The allegations contained in Paragraph 100 of Plaintiff's Complaint are denied. Defendants deny any liability to Plaintiff.

101. The answers of Defendants to the allegations of Paragraphs 1-100 are hereby re-alleged and incorporated herein by reference.

102. The allegations contained in Paragraph 102 of Plaintiff's Complaint are denied. Defendants deny any liability to Plaintiff.

103. The allegations contained in Paragraph 103 of Plaintiff's Complaint are denied. Defendants deny any liability to Plaintiff.

104. The answers of Defendants to the allegations of Paragraphs 1-103 are hereby re-alleged and incorporated herein by reference.

105. The allegations contained in Paragraph 105 of Plaintiff's Complaint are denied. Defendants deny any liability to Plaintiff.

106. Defendants aver Plaintiff's Complaint failed to state a claim upon which relief can be granted.

107. Anything not expressly admitted or denied is deemed as if fully set forth herein.

108. Defendant Russell is entitled to qualified immunity.

109. Defendants deny Plaintiff is entitled to damages in any amount, including but not limited to lost wages, lost benefits, humiliation, embarrassment and inconvenience back pay, front pay, reinstatement, loss of earning capacity, or any other relief.

WHEREFORE, Defendants respectfully request that this action be dismissed and that they be awarded their attorney fees and costs pursuant to 42 U.S.C. §1988 and further demand a jury to try this cause.

RESPECTFULLY SUBMITTED this 2nd day of September 2014.

TAYLOR & KNIGHT, GP

*/Arthur F. Knight, III*
Arthur F. Knight, III, BPR No. 016178
Jonathan S. Taylor, BPR No. 025094
800 South Gay Street, Suite 600
Knoxville, Tennessee 37929
Phone: 865-971-1701
Fax: 865-971-1705
tshockley@taylorknightlaw.com
Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on September 2,k 2014, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served via regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

*/s/Arthur F. Knight, III*
Arthur F. Knight, III